EVANDER, J.
Appellant, Lonny Bristrow, appeals an order dismissing his petition for injunction for protection against domestic violence. Wé affirm because the petition failed to state a cause of action.[1]
Pursuant to section 741.30(l)(a), Florida Statutes (2014), any person who is either the victim of domestic violence or who has reasonable cause to believe he or she is in imminent danger of becoming a victim of any act of domestic violence has standing to file a sworn petition for an injunction for protection against domestic violence. In his petition, Appellant alleges that Appellee, his brother, made statements evincing an intent to physically harm Appellant. However, the allegations are extremely vague as to the circumstances surrounding the making of these alleged statements and, indeed, whether Appellee even made the statements to Appellant. As a result, the petition fails to allege facts that would support a finding *963 that Appellee has previously committed an act of domestic violence[2] against him.
The petition also fails to allege sufficient facts to show that Appellant .has reasonable cause to believe he is in imminent danger of being a victim of domestic violence, particularly given the allegations that Appellant is currently incarcerated in Sumter County, Florida, and that Appellee is a resident of Ohio.
We further find no error in the trial court’s failure to set an evidentiary hearing. Because of the aforesaid pleading deficiencies, the petition fails to allege facts that would subject Appellee to the jurisdiction of this State’s courts under section 48.193, Florida Statutes (2014).
Our affirmance is without prejudice to Appellant filing, if able to do so in good faith, a new, legally sufficient petition.
AFFIRMED.
LAWSON and EDWARDS, JJ., concur.

. We agree with Appellant that the petition sufficiently alleged venue in Sumter County, Florida, pursuant to section 741.30(l)(j), Florida Statutes (2014):
Notwithstanding any provision of chapter 47, a petition for an injunction for protection against domestic violence may be filed in the circuit where the petitioner currently or temporarily resides, where the respondent resides, or where the domestic violence occurred. There is no minimum requirement of residency to petition for an injunction for protection.

. Section 741.28(2), Florida Statutes (2014), defines domestic violence to mean "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.”